SUMMARY ORDER

Petitioner Dian Gui Jiang, a native and citizen of the People’s Republic of China, seeks review of the September 19, 2008 order of the BIA affirming the March 21, 2007 decision of Immigration Judge (“IJ”) Barbara Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Dian Gui Jiang, No. A99 539 944 (B.I.A. Sept. 19, 2008), aff'g No. A99 539 944 (Immig. Ct. N.Y. City Mar. 21, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We find no error in the BIA’s conclusion that Jiang failed to demonstrate a well-founded fear of future persecution on the basis of his religion. An applicant may demonstrate a well-founded fear of persecution, even in the absence of evidence that he will be singled out for persecution, if he establishes that in his country there is a pattern or practice of persecution of persons similarly situated to him. See 8 C.F.R. 1208.13(b)(2)(iii)(A). Here, the record supports the agency’s determination that Jiang failed to demonstrate a pattern or practice of persecution of Catholics in China. We are not persuaded that its assessment of the country conditions evidence in the record was improper. See 8 U.S.C. § 1252(b)(4)(B).
We also find no error in the agency’s conclusion that Jiang failed to demonstrate a well-founded fear of future persecution on the basis of an imputed political opinion. Jiang claims that his use of a smuggler to leave China will cause the Chinese government to assume that he opposes its coercive family planning policies. The record, however, supports the agency’s conclusion that Jiang’s fear of future persecution, even if subjectively held, was not objectively reasonable. A fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best.” Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005).
Accordingly, Jiang failed to demonstrate that he was entitled to asylum. Further, because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim, Jiang was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Gomez v. INS, 947 F.2d 660, 665 (2d Cir.1991).
*137 Jiang argues that, contrary to the agency’s finding, he is entitled to CAT relief because he will be subject to torture in China based on his illegal departure from that country. However, we have held time and again that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); see also Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).